[Civ. No. 8472. Second Appellate District, Division One.—March 29, 1935.]

OLIVER R. BROWN, Appellant, v. STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Respondent.

Sheridan, Orr, Drapeau & Gardner and Sheridan, Orr, Drapeau & Bates, for Appellant.

Paul Nourse for Respondent.

THE COURT.—By the terms of a policy of insurance plaintiff was insured by the defendant "against loss resulting from bodily injuries effected directly, exclusively and independently of all other causes through accidental means". At a time when such policy of insurance was in effect, from

an automobile accident plaintiff suffered a "bump" that "formed up here on top of . . . (his) head", which plaintiff claimed resulted in a paralysis as to certain muscles of his body, and on account of which he brought an action to recover damages from the defendant in accordance with the provisions of said insurance policy.

On the trial of the action, following the close of the introduction of evidence by the respective parties thereto, on motion of the defendant the trial court ordered a directed verdict by the jury. It is from the judgment that ensued from the return of such verdict that the instant appeal is taken.

Substantially the evidence presented by plaintiff, from a consideration of which appellant urges that he was entitled to have his case submitted to the jury, consisted of testimony given by a doctor at the trial of the action to the effect that paralysis sustained by plaintiff, and of which he complained, "was due to intra-cranial hemorrhage" that was caused by "traumatic injury to the head".

A directed verdict is authorized "only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given." (*Estate of Flood,* 217 Cal. 763, 768 [21 Pac. (2d) 579], and authorities there cited. See, also, *Robbiano* v. *Bovet,* 218 Cal. 589 [24 Pac. (2d) 466].) But the difficulty in the instant case, in attempting to give full effect to such rule, arises from a consideration of the fact that, as hereinbefore indicated, the policy of insurance upon which the right of action depended contained the provision in effect that the injury or damage that resulted to plaintiff must have arisen "from bodily injuries effected directly, *exclusively and independently* of all other causes through accidental means". In that connection, and having the emphasized part of the policy of insurance in mind, the respondent has directed the attention of this court to the exact phraseology of the evidence given by the witness, both on his direct and on his cross-examination, as follows:

"A. Yes, sir. I would say, in my opinion the paralysis was due to an intracranial hemorrhage. . . . Q. Now, Doc-

tor, with those same facts in mind, what, in your opinion, was the cause of the intracranial hemorrhage? A. Traumatic injury to the head. Q. By 'traumatic injury' you mean what in the language— A. External violence directed to the head—a blow.''

(Cross-examination.) ''Q. Would you give that as the sole cause, Doctor, of the rupture or hemorrhage? A. The sole cause of it? Q. Yes. A. That would be very difficult to give as the sole cause of it, bearing in mind certain other facts causing this, the existence of diabetes. Q. What other contributing cause would you give? A. I would— Other contributory causes would be his age and the existence of diabetes. That would be contributory, at least in the vast majority of cases we find hemorrhages. Q. In this case you found a man 63 years old who was suffering from diabetes; you found he had an accident whereby he ran into a wall and his car then climbed a curb, and he was sitting in the car in an upright position, and was assisted out of it; in diagnosing the case you are giving the direct and immediate cause of the hemorrhage as some blow which, I suppose, you say was because there was a bump there, and as a contributing cause to that the diabetic condition; is that right? A. I do not think you could neglect the diabetic condition. . . . Q. You say you cannot neglect the diabetic condition. By that you mean you cannot neglect diabetes as the contributing cause of the rupture of the vein; am I correct in that? A. Yes, it must be borne in mind, yes. Q. You mean by 'yes' that I am correct in my statement that it is to be borne in mind, considered as a contributing cause of that rupture? A. Do you want me to amplify that a little? Q. I want you to answer my question. A. Well, I have answered it.''

It thus appears that, although on his direct examination the witness gave it as his opinion that the paralysis suffered by plaintiff ''was due to an intracranial hemorrhage'' that was caused by ''traumatic injury to the head'', at that time he was not asked, nor did he state, whether the ''intracranial hemorrhage'' was caused *solely* by the traumatic injury to which he referred. From the cross-examination it also affirmatively appeared that the paralysis was due (not solely) to the blow that he had received, but that ''other contributory causes would be his age and the existence of

diabetes. . . . diabetes as the contributing cause of the rupture of the vein, . . . must be borne in mind''; that is to say, must be ''considered as a contributing cause of that rupture''.

We think that such later testimony given by the witness was neither contradictory of nor inconsistent with his former statement; that is to say, that although, as testified on direct examination, the traumatic injury was *a* cause, on cross-examination it developed that it was not the *sole* cause, but that the paralysis of which plaintiff suffered was due not only to the traumatic injury that he sustained, but as well to his diabetic condition; and since plaintiff failed to submit evidence for the consideration of the jury to the effect that his injuries were effected directly, exclusively and independently by a traumatic injury, it follows that no error was committed by the trial court in directing the jury to render its verdict in favor of the defendant.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1935.